Electronically Filed: July 31, 2015

**ANDERSEN LAW FIRM, LTD.**
Ryan A. Andersen, Esq.
Nevada Bar No. 12321
101 Convention Center Drive
Suite 600
Las Vegas, Nevada 89109
Email: *randersen@andersenlawlv.com*
Phone: 702-522-1992
Fax:     702-825-2824

*Proposed Counsel for Debtor*

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>JERSEY ELECTRIC & SOLAR,<br><br>Debtor. | Case No.: 15-14394-LED<br>Chapter 11<br><br>**DECLARATION OF RYAN A. ANDERSEN IN SUPPORT OF APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF ANDERSEN LAW FIRM, LTD. AS ATTORNEYS FOR THE DEBTOR-IN-POSSESSION, NUNC PRO TUNC AS OF THE PETITION DATE**<br><br>**Hearing Date:** September 1, 2015<br>**Hearing Time:** 9:30 a.m. Pacific time |

I, Ryan A. Andersen, hereby state as follows under penalty of perjury:

1.     I am over the age of 18 and mentally competent.

2.     I am proposed counsel for Jersey Electric & Solar, a Nevada Corporation, debtor and debtor-in-possession in the above-captioned bankruptcy case ("Debtor"). I make this declaration pursuant to FRBP 2014(a) and in support of the *Application for Entry of an Order Authorizing the Employment and Retention of Andersen Law Firm, Ltd. as Attorneys for the Debtor-In-Possession, Nunc Pro Tunc as of the Petition Date* ("Application"). Capitalized terms used but not defined herein are used as defined in the Application.

3. I am an attorney at law admitted to the bar of the State of Nevada and am the managing partner of Andersen Law Firm, Ltd. ("Andersen Law Firm"), proposed counsel to the Debtor in the above-captioned bankruptcy case (the "Case"). I am authorized to make this declaration on Andersen Law Firm's behalf.

4. I have personal knowledge of the facts stated herein, and I could and would testify to the same if called upon to do so.

### Disinterestedness of Professionals

5. Except as provided herein, based on the computerized conflicts search conducted to date and described herein, to the best of my knowledge, neither I, nor any partner, associate, or law clerk thereof, has any connection with the Debtor, its creditors, or any other parties-in-interest, or their respective attorneys and accountants, or the United States Trustee, or any person employed in the Office of the United States Trustee, except as disclosed or as otherwise described herein.

6. Andersen Law Firm is a "disinterested person" as such term is defined in Section 101(14), as the firm, its partners, associates, and law clerks:

   a) Do not hold or represent an interest adverse to the Debtor's bankruptcy estate;

   b) Are not and were not a creditor, an equity holder or an insider of the Debtor;

   c) Are not and were not, within two years before the Petition Date, a director, officer or employee of the Debtor;

   d) Do not have an interest materially adverse to the interest of the bankruptcy estate or of any class of creditors or equity holders, by reason of any direct or indirect relationship to, connection with, or interest in the Debtor; and

   e) Are not related to any United States District Judge or United States Bankruptcy Judge for the District of Nevada or to the United States Trustee for such district or to any known employee in the office thereof.

7. In May of 2015, the Debtor retained Andersen Law Firm to advise it regarding and represent it in its bankruptcy reorganization. On June 16, 2015, Andersen Law Firm and the Debtor executed a written engagement agreement ("Engagement Agreement") pertaining to Andersen Law

Firm's representation of the Debtor. A true and correct copy of the Engagement Agreement is attached hereto as **Exhibit 1**.

8. As of the date hereof, the Debtor does not owe Andersen Law Firm for any legal services rendered before the date hereof.

9. Andersen Law Firm and its partners and associates in the past have represented, may currently represent, and will likely represent in the future creditors and parties-in-interests of the Debtor in connection with matters wholly unrelated to the Debtors and the Case. I, on behalf of Andersen Law Firm, have performed a conflict check using the firm's computerized conflict-check database, and, other than described above, Andersen Law Firm has no identifiable connections with the Debtor. Should Andersen Law Firm later become aware of any material information, the firm will update this Declaration.

10. The following is a list of categories of entities that were searched, as they are currently available:
   a. All books and records of Andersen Law Firm;
   b. The Debtor's directors;
   c. The Debtor's significant current shareholders; and
   d. The Debtor's lenders.

11. Andersen Law Firm's conflicts search of the parties listed above disclosed no conflicting representation or any representations that are materially adverse to the interests of the bankruptcy estate or to any class of creditors or equity security holders.

12. Andersen Law Firm will periodically review its files during the Case's pendency to ensure no conflicts or other disqualifying circumstances exist or arise. If any relevant facts or relationships are discovered or arise, Andersen Law Firm will use reasonable efforts to identify such further developments and will promptly file a Supplemental Declaration as required by FRBP 2014(a).

### Services Rendered

13. Andersen Law Firm will render to the Debtor the following professional services, among others:
   a) Advise the Debtor with respect to its powers and duties as a debtor and debtors-in-possession in the continued management and operation of its business and property;

b) attend meetings and negotiate with representatives of creditors and other parties in interest and advise and consult on the conduct of the Chapter 11 case, including the legal and administrative requirements of operating in Chapter 11;

c) take all necessary action to protect and preserve the bankruptcy estate, including the prosecution of actions on its behalf, the defense of any actions commenced against the bankruptcy estate, negotiations concerning all litigation in which the Debtor may be involved, and objections to claims filed against the bankruptcy estate;

d) prepare on behalf of the Debtor all motions, applications, answers, orders, reports, and papers necessary to the administration of the estate;

e) negotiate and prepare on the Debtor's behalf plan(s) of reorganization, disclosure statement(s), and all related agreements and/or documents and take any necessary action on behalf of the Debtor to obtain confirmation of such plan(s);

f) advise the Debtor in connection with any sale of assets;

g) appear before this Court, any appellate courts, and the U.S. Trustee, and protect the interests of the bankruptcy estate before such courts and the U.S. Trustee; and

h) perform all other necessary legal services and provide all other necessary legal advice to the Debtor in connection with its Chapter 11 case.

## **Professional Compensation**

14. To date, Andersen Law Firm has received payment $15,000 for prepetition legal services performed and expenses incurred in connection with Debtor's restructuring, including the filing fee for this Chapter 11 Case. Pursuant to the Engagement Agreement, Andersen Law Firm will provide the Debtor with regular, monthly statements detailing legal services rendered and costs and expenses disbursed on the Debtor's behalf, both interim and final payment of such invoices subject to Court approval, as set forth in the Engagement Agreement.

15. Andersen Law Firm will apply to the Court for allowance of compensation for professional services rendered and reimbursement of expenses incurred in the Case in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules of Bankruptcy Practice and all orders of this Court. Andersen Law Firm will seek compensation for the

services of each attorney or paraprofessional acting on the Debtor's behalf at the then-current prevailing hourly rate charged for such services on a non-bankruptcy matter, as such rates are described and/or modified by the Engagement Agreement. These hourly rates are subject to annual adjustments, without further notice to the Court or any other entity.

16. Andersen Law Firm's prevailing hourly rates are designed to fairly and adequately compensate Andersen Law Firm for the work performed and to cover fixed and routine overhead expenses incurred in the operation of the firm.

17. As Andersen Law Firm does with other Clients, the firm will, in its discretion, charge the Debtor for all other costs and expenses, including, without limitation, printing and duplication (at the rate of $0.05 per black and white impression and $0.15 per color impression), travel, business meals (but never overtime meals), postage, delivery and courier services, computerized legal research, court fees, witness fees, and other fees related to trials and hearings. As near as possible, the Debtor will be charged Andersen Law Firm's actual cost for all cost and expense items incurred by the firm.

18. No promises have been received by Andersen Law Firm nor by any partner, associate, or law clerk thereof as to compensation in connection with the Case other than in accordance with the provisions of the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure. Andersen Law Firm has no agreement with any other entity to share any compensation or reimbursement received in connection with the Case.

19. Further, pursuant to FRBP 2016(b), Andersen Law Firm has neither shared nor agreed to share: (i) any compensation it received or may receive with any other party or person, other than with the partners and associates of the firm; or (ii) any compensation another person or party has received or may receive.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Executed on this 31st day of July, 2015.   /s/ Ryan A. Andersen
                                           Ryan A. Andersen, Esq.

# EXHIBIT 1

# EXHIBIT 1

# EXHIBIT 1



Ryan A. Andersen, Esq.  
101 Convention Center Drive  
Suite 600  
Las Vegas, Nevada 89109

Phone:  702-522-1992  
Fax:  702-825-2824  
randersen@andersenlawlv.com  
www.andersenlawlv.com

June 16, 2015

Brian Geczi, President of Jersey Electric  
**Via Email**

**RE: Engagement of Andersen Law Firm, Ltd.**

Dear Mr. Geczi:

This letter will confirm that Andersen Law Firm, Ltd. (the "Firm") has been engaged as attorneys for Jersey Electric, a Nevada corporation, (the "Client") on the terms described herein.

**Scope of Representation**

The Firm is engaged to provide legal services to the Client on the following matter (the "Matter"):

Legal advice and services in connection with the preparation and filing of a bankruptcy case under chapter 11 of the United States Bankruptcy Code and all matters related to the prosecution and confirmation of such bankruptcy case.

**Fees**

The Firm's fees are based on the hourly rate of the professionals working on the matter as well as the value of the Firm's services to the Client.  The Firm's prevailing hourly rates for attorneys, law clerks, and paralegals will be charged in the Matter.  Mr. Ryan A. Andersen's prevailing hourly rate is $275 per hour. The Firm's prevailing hourly rate for paralegals is $115 per hour.  All of the Firm's hourly rates are adjusted annually, at the beginning of the calendar year, and such annual adjustment will apply to this engagement.

The Firm reserves the right to reduce the fee charged to the Client if the Firm concludes such reduction is appropriate, and such reduction may be made by the Firm without discussing the reduction with the Client.  However, if the value of the services rendered is greater than what the fees would be at the stated hourly rate, then any increase in fees will be discussed with the Client and be subject to the Client's approval, such approval not to be unreasonably withheld.

The value of the Firm's services is measured by factors other than just the amount of time required, such as the novelty and complexity of the legal work to be performed, the legal expertise required, familiarity with the specific area of the law, the inability of the Firm to take on other matters because of the work required by the Matter, the results achieved, fees normally charged for similar services, the past relationship between the Firm and the Client, and other similar considerations.

**Andersen Law Firm, Ltd.**
June 16, 2015

**Expenses and Costs**

The Firm will bill the Client for expenses and costs incurred on the Client's behalf. Typical expense items include without limitation: courier services, travel expenses, deposition costs, transcript fees, witness fees, document recordation expenses, and court filing fees. Typical cost items include without limitation: photocopies, long distance telephone charges, and postage. A detailed schedule of expenses and costs is available upon request.

Expenses will be billed to the Client at the actual cost of such expenses. Costs will be billed to the Client under the Firm's standard practices as near as possible to their actual cost. To the extent possible, the Firm will consult with the Client before incurring a major expense or cost item.

**Retainer**

The Client will pay the Firm an initial retainer of $15,000 (the "Retainer). The Client hereby authorizes the Firm to withdraw funds from the Retainer to pay fees, costs, and expenses incurred by the Firm in the Matter, following receipt and approval by the Client of monthly invoices detailing the same. Such Retainer and any replenishing payments to such Retainer must be remitted to the Firm for deposit in the Firm's trust account. Upon the Retainer being reduced to $1,000, and upon the request of the Firm in writing, the Client agrees to replenish the Retainer within fourteen (14) days so that it is equal to its initial amount. Additionally, the Firm may require additional deposits of retainer funds if the Client does not timely pay all bills sent to the Client by the Firm. The Client's failure to deposit such additional retainer funds within fourteen (14) days written notice of such required additional retainer funds will be cause for the Firm to withdraw from representing the Client.

Upon and after filing a chapter 11 bankruptcy case, the Firm will apply for payment from the bankruptcy estate, as required by the United States Bankruptcy Code.

**Billing**

Prior to filing a chapter 11 bankruptcy case, the Firm will send the Client a monthly bill, and each bill will be due and payable within thirty (30) days from the invoice date of the bill. Bills not timely paid in full will bear interest on the entire amount unpaid at the rate of three percent (3%) per month.

The bills provided by the Firm will contain general information regarding the services rendered and the expenses and costs incurred by the Firm on behalf of the Client. Should the Client have any questions or concerns with respect to the Firm's billing in the Matter, the Client agrees to promptly raise these questions or concerns with the Firm.

Upon and after filing a chapter 11 bankruptcy case, the Firm will apply for payment from the bankruptcy estate, as required by the United States Bankruptcy Code.

**Andersen Law Firm, Ltd.**
June 16, 2015

---

**Commencement of Representation**

Except as otherwise stated herein, representation of the Client by the Firm in the Matter will not commence until the Firm receives a copy of this engagement letter signed by the Client and the Retainer specified herein, if any. If the Client requests that the Firm provides legal services before the Firm receives the signed copy of this letter and the Retainer, if any, then such services will be deemed to be requested and provided pursuant to the terms of this letter.

**Conflicts**

The Firm has conducted a conflict review, and the Firm has no conflict of interest in representing the Client.

**Communications**

Unless otherwise agreed in writing by the Firm and the Client, the Firm may utilize a variety of electronic communication systems in performing legal services. Such systems may include without limitation: (1) land line, VOIP, cellular, or satellite telephones; (2) email; (3); facsimile transmissions; (4) video conferencing; (4) online client portals; and (5) any other form of evolving electronic communications. For particularly sensitive information, the Client should request an in-person meeting <u>before</u> communicating such information.

**Electronic File Storage**

Unless otherwise agreed in writing by the Firm and the Client, the Firm may utilize a variety of electronic data storage systems to maintain and retain any and all documents, with the exception of certain original documents, related to the Matter. Such systems may include without limitation: (1) electronic data storage devices owned and maintained by the Firm; (2) electronic data storage internet services owned and maintained by third party vendors; (3) electronic data backup services offered by third party vendors; and (4) any other form of evolving electronic data storage.

**Retention of Files**

The Client is responsible for maintaining a copy of all documents forwarded to the Client by the Firm. The Firm will endeavor, subject to casualties beyond its control, to retain and maintain the major and significant components of the Firm's files relative to the Matter for a period of at least seven (7) years following the conclusion of the Matter.

**Tax and Securities Law**

The Firm is not the Client's tax or securities lawyer. The Firm is not engaged to represent or render advice to the Client regarding present or future obligations, including any disclosure obligations, under any federal or state tax or securities laws with respect to any of the subjects on which the Firm has been

---

**Andersen Law Firm, Ltd.**
June 16, 2015

engaged unless the Client specifically requests such advice from the Firm and the Firm specifically agrees to render such advice in a separate engagement letter.

**Effort and Outcome**

While the Firm agrees to competently and diligently represent the Client in the Matter, the Client acknowledges and agrees the Firm has given no assurances regarding the outcome of the Matter.

**Responsibilities**

In order to attain the best possible outcome, the Client agrees to cooperate fully and candidly with the Firm with respect to the Matter. The Client agrees to provide all information known by or available to the Client that may assist the Firm in representing the Client in the Matter.

If the Client is a business, the Client will designate one or more of its personnel to be primarily responsible for coordinating the Firm's representation with respect to the Matter. The Client agrees to be available to the Firm for consultation on reasonable notice and will provide such decisions or directions as the Firm requires for the appropriate handling of the Matter.

If the Firm is representing multiple clients jointly in the Matter, then each client is responsible for cooperating with and coordinating the representation of all the clients' interests. Unless otherwise agreed to by the Firm in writing, the Firm is authorized to discuss with each of the clients all relevant information, whether privileged or not, received from any of the other clients or any other source with regard to the Matter. If, in the Firm's sole discretion, it appears that a conflict of interest has or may arise among one or more of the clients, then the Firm will have the right to withdraw from representation of one or more of the clients and to continue the representation of the balance of the clients.

In the event the Client perceives any actual or possible disagreement with the Firm or the Firm's handling of the Matter, the Client agrees to immediately and candidly discuss the issue with the Firm so that appropriate action may be taken.

The Firm agrees to keep the Client informed as to the status of the Matter and as to the course of action which is being followed or is being recommended by the Firm. The Firm encourages the Client to participate in all major decisions involving the Matter. Unless otherwise directed by the Client, the Firm will provide the Client copies, at the Client's cost, of all significant documents sent or received by the Firm in connection with the Matter.

All of the Firm's work product will be owned by the Firm and may be utilized in whole or in part by the Firm in other projects without notice or compensation.

**Andersen Law Firm, Ltd.**
June 16, 2015

**Termination of Representation**

The Firm reserves its right to withdraw from the engagement if the Client fails to honor this engagement letter or for any other appropriate reason permitted by the Rules of Professional Conduct as adopted by the Nevada Supreme Court.  The Client reserves the right to terminate this engagement without cause.  Notification of termination or withdrawal must be made in writing and will be effective upon receipt.  In the event of such termination or withdrawal, the Client agrees to promptly pay the Firm all fees, costs, and expenses incurred prior to the date of termination or withdrawal.  Upon termination or withdrawal of this engagement, the Firm agrees to cooperate with any successor counsel to accommodate a smooth and orderly transition of the representation.

**Governing Law and Rules of Conduct**

This engagement letter is to be interpreted and enforced in accordance with the internal laws of the State of Nevada, without giving effect to any conflicts of law rule, principle, or statute that would result in the application of the laws of any other jurisdiction.  The Firm's services are to be governed by the Rules of Professional Conduct as adopted by the Nevada Supreme Court, without regard to where the services are actually performed.

**Disputes**

Any dispute arising from, or related to, this engagement will be submitted to a court of competent jurisdiction in the State of Nevada unless otherwise agreed in writing by both the Firm and the Client.  The prevailing party will be entitled to recover its costs and attorneys' fees in any such litigation whether or not the litigation is prosecuted to judgment.

**Waiver of Jury Trial**

> **THE FIRM AND THE CLIENT WAIVE THE RIGHT TO A JURY TRIAL WITH RESPECT TO ANY DISPUTES THAT MAY ARISE UNDER OR IN RELATION TO THIS ENGAGEMENT**.

**Integration**

This engagement letter is the complete and entire agreement between the Client and the Firm regarding the Matter and the fees, costs and expenses, and all other terms regarding the Matter.  This engagement letter and the terms contained herein may not be modified except through a writing signed by the Firm and the Client.  This engagement letter is binding upon the Client and the Firm and their respective heirs, executors, legal representatives, and successors.

[remainder of page intentionally blank]

**Andersen Law Firm, Ltd.**
June 16, 2015

Review by Other Counsel

**This engagement letter is a binding legal contract, and it has significant legal consequences. By signing this engagement letter, the Client is obligated to comply with all of the terms contained in this letter. The Client is encouraged to have this engagement letter reviewed by another attorney of the Client's choice before signing this letter, and the Client acknowledges that the Firm has provided an opportunity to seek independent legal advice regarding this engagement letter.**

Please sign a copy of this letter in the space provided below and return it to the Firm promptly, along with the Retainer detailed herein. We look forward to assisting you with this Matter.

Very sincerely,

Ryan A. Andersen, Esq.


Having reviewed the terms and conditions expressed in the foregoing engagement letter, and having had the opportunity to seek independent legal advice regarding the same, the terms and conditions detailed in this engagement letter are agreed to and accepted.

_____    6/17/2015
Brian Geczi,                      Date
as President and Sole Owner
of Jersey Electric, a Nevada corporation