Electronically Filed: July 31, 2015

**ANDERSEN LAW FIRM, LTD.**
Ryan A. Andersen, Esq.
Nevada Bar No. 12321
101 Convention Center Drive
Suite 600
Las Vegas, Nevada 89109
Email: *randersen@andersenlawlv.com*
Phone: 702-522-1992
Fax:     702-825-2824

*Proposed Counsel for Debtor*

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>JERSEY ELECTRIC & SOLAR,<br><br>Debtor. | Case No.: 15-14394-led<br>Chapter 11<br><br>**MOTION FOR ENTRY OF ORDER: (I) AUTHORIZING DEBTOR TO PAY WAGES, SALARIES, BENEFITS, REIMBURSABLE BUSINESS EXPENSES, AND OTHER EMPLOYEE OBLIGATIONS; AND (II) AUTHORIZING AND DIRECTING FINANCIAL INSTITUTIONS TO HONOR AND PROCESS CHECKS AND TRANSFERS RELATED TO SUCH OBLIGATIONS**<br><br>Hearing Date:  *OST Requested*<br>Hearing Time:  *OST Requested* |

Jersey Electric & Solar, a Nevada corporation ("Debtor"), the above-captioned debtor and debtor in possession, by and through its proposed counsel, Andersen Law Firm, Ltd. ("Andersen Law Firm"), hereby request entry of an order: (A) authorizing, but not requiring, the Debtor, in its sole discretion: (i) to pay Wage Obligations to its Employees; (ii) to pay Garnishments; (iii) to make Employee Benefit Contributions or payments to or for the benefit of its Employees with respect to the Employee Benefit Plans; (iv) to pay all costs incident to Wage Obligations and employee benefit

contributions such as payroll-related taxes and processing costs; (v) to reimburse Employees for Reimbursable Business Expenses, all in accordance with the Debtor's stated policies with respect thereto; and (B) authorizing all applicable banks and other financial institutions to receive, process, honor and pay any and all checks related to the foregoing, subject to the conditions set forth herein.[1]

This Motion is supported by: the following Memorandum of Points and Authorities; the Omnibus Declaration of Brian N. Geczi in Support of Debtor's Initial Emergency Motions and Related Relief ("Geczi Declaration"), filed contemporaneously herewith; all papers and pleadings filed in the above-captioned case, judicial notice of which is requested pursuant to Rule 201 of the Federal Rules of Evidence; and any arguments of counsel offered in support of the Motion during any hearing held on the Motion.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. Jurisdiction

The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue in the District of Nevada is proper pursuant to 28 U.S.C. § 1409.

This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). If it is determined that the Court cannot enter final orders or judgment in this core proceeding consistent with Article III of the United States Constitution, the Association consents to the entry of final orders or judgment by this Court.

The relief requested herein is premised on Sections 105(a), 363(b), 507(a)(4), and 507(a)(5).

### II. Statement of Facts

The Debtor is a licensed and bonded electrical contracting company providing services to customers throughout the Las Vegas Valley and the surrounding geographic area. The Debtor employs approximately thirty employees and provides service to residential and commercial customers. The

---

[1] When used herein, all references to "ECF No." are to the numbers assigned to the documents filed in the case as they appear on the docket. All references to "Section" are to the provisions of the Bankruptcy Code, 11 U.S.C. §§ 101-1532. All references to "FRBP" are to the Federal Rules of Bankruptcy Procedure. All references to "LR" are to the Local Rules of Bankruptcy Practice for the United States District Court for the District of Nevada.

Debtor performs work on everything from small, private homes to casinos located on the Las Vegas Strip.

The Debtor filed its voluntary bankruptcy petition for bankruptcy relief on July 31, 2015, thereby initiating the above-captioned bankruptcy case ("Chapter 11 Case"). Pursuant to Sections 1107(a) and 1108, the Debtor is authorized to and is operating business and property as a debtor in possession.

Additional information regarding the Debtor, its business operations, its bankruptcy filing, and the specific relief requested in this Motion is contained in the Geczi Declaration.

### III. Relief Requested

As of the Petition Date, the Debtor employs approximately thirty employees ("Employees") in the ordinary course of its business. The Employees were owed or had accrued in their favor various sums and wages incurred in the ordinary course of the Debtor's business, including prepetition compensation (collectively, "Wage Obligations"). The total estimated amount of Wage Obligations that will have accrued, but remain unpaid, as of the Petition Date is $5,000.00.

The Debtor pays its Employees on a bi-weekly payroll cycle, the last pay period ended on July 18, 2015. Paychecks were last issued on July 23, 2015. The next payroll closes on August 1, 2015, meaning the Debtor will be required to issue paychecks to its Employees on August 6, 2015.

The Debtor is required by law to withhold from its Employees' wages amounts related to federal and state income taxes, as well as social security and Medicare taxes, and to remit these taxes to the appropriate taxing authorities. As the Debtor has deducted funds from the Employees' paychecks sufficient to pay these prepetition taxes, withholding taxes and FICA contributions attributable to Wage Obligations, which are due but have not been paid yet to any governmental entity, the Debtor seeks authorization to continue to deduct these funds and pay them to the appropriate governmental entities in the ordinary course of business.

Further, the Debtor is required to make matching payments from its own funds on account of social security and Medicare taxes, and to pay, based on a percentage of gross payroll, subject to state-imposed limits, additional amounts to taxing authorities for state and federal unemployment insurance,

among additional amounts. The Debtor seeks authorization to continue to pay these funds in the ordinary course of business.

In the ordinary course of processing payroll checks for its Employees, the Debtor also withholds certain amounts for various garnishments, including tax levies, child and spousal support, payments, and student loans (collectively, "Garnishments"), which amounts have not been forwarded yet to the respective businesses and government agencies authorized to collect such funds. As of the Petition Date, the Debtor estimates the total Garnishments withheld at approximately $250.00. The Debtor requests permission to continue to pay over any withheld Garnishments in the ordinary course of its business operations.

Further, in the ordinary course of its business, the Debtor has accrued amounts due for contributions to qualified retirement plans, health and benefit programs, and voluntary insurance plans, pertaining to services rendered by the Employees prior to the Petition Date (collectively, "Benefit Plans"). The Benefit Plans include: (i) health plans, such as medical, dental, vision, and life insurance; (ii) flexible spending accounts for healthcare and dependent care; (iii) various welfare plans, such as life insurance, disability insurance, accidental death and dismemberment insurance, long-term care and critical illness insurance; and (iv) other employee assistance programs. The Benefit Plan contributions ("Benefit Contributions") are a necessary component of the compensation to which the Employees are entitled. The amount of unpaid Benefit Contributions that will have accrued as of the Petition Date are estimated to be $3,250.00.

In the ordinary course of their employment, certain authorized Employees may expended their own funds or used their own credit cards on the Debtor's behalf or benefit. ("Reimbursable Business Expenses"). The Debtor's Chapter 11 Case was filed during the Debtor's normal payroll periods for hourly and salaried Employees and during their normal reimbursement cycle for Reimbursable Business Expenses. The Debtor's Employees rendered services and incurred Reimbursable Business Expenses in anticipation of receiving reimbursement of these Reimbursable Business Expenses. As of the Petition Date, certain Reimbursable Business Expenses may remain unreimbursed. The Debtor cannot provide a final statement of amount of Reimbursable Business Expenses that it may be

responsible for as of the Petition Date. However, based upon the Debtor's prior business operations, would estimate that amount does not exceed $10,000.00. As reimbursement of the Reimbursable Business Expenses is required to ensure the continuation of the Debtor's business operations, as well as the retention of its Employees, the Debtor seeks authorization to pay such Reimbursable Business Expenses in the ordinary course of business.

Consistent with the requirements of Section 507(a)(4), the Wage Obligations and Employee Benefit Contributions to be paid to or for the benefit of each individual Employee will not exceed $12,475 per employee.

If the Debtor is not able to pay wages and taxes for the pay period commencing immediately prior to the Petition Date and concluding post-petition, there is a very significant risk that essential Employees will leave the Debtor's employ, and it is certain that those Employees that remain will be very discontented and demoralized, far from ideal for electricians performing often-hazardous tasks. Therefore, continued payment of Wage Obligations, Benefit Contributions, and Reimbursable Business Expenses is essential to maintain positive relations between the Debtor and its Employees. If the relief requested is not granted, it is anticipated that Employees will leave the Debtor in droves, leaving the Debtor unable to perform work on behalf of customers and almost immediately ending the Debtor's bankruptcy reorganization. Thus, the relief requested in the Debtor's payroll motion is in the best interests of the Debtor, and its bankruptcy estate, as well as in the best interests of creditors, the Employees, customers, and other parties in interest.

### IV. Legal Authority

Sections 105(a) and 363(b), in conjunction with Sections 507(a)(4) and 507(a)(5), and the "doctrine of necessity" established by case law, enable this Court to authorize the Debtor to continue payment of Wage Obligations, Employee Benefit Contributions, and Reimbursable Business Expenses.

Section 105(a) provides that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

Section 363(b)(1) provides, in pertinent part, that "[t]he trustee, after notice and a hearing may use, sell, or lease, other than in the ordinary course of business, property of the estate ... " 11 U.S.C. § 363(b)(l).

Section 507(a)(4) provides, in pertinent part, a fourth priority claim for "allowed unsecured claims, but only to the extent of $12,475.00 for each individual ... earned within 180 days before the date of filing of the petition ... for -- (A) wages, salaries, or commissions, including vacation, severance, and sick leave pay earned by an individual; ... " 11 U.S.C. § 507(a)(4).

Section 507(a)(5) provides, in pertinent part, a fifth priority claim for:

> Allowed unsecured claims for contributions to an employee benefit plan - (A) arising from services rendered within 180 days before the date of the filing of the petition ... but only (B) to the extent of - (i) the number of employees covered by each such plan multiplied by $12,475; less (ii) the aggregate amount paid to such employees [for wages], plus the aggregate amount paid by the estate on behalf of such employees to any other employee benefit plan.

11 U.S.C. § 507(a)(5).

The immediate payment of prepetition wage claims, as requested herein, is necessary to retain the Debtor's skilled employees, many of whom perform highly technical and hazardous work on a daily basis. Therefore, such payments are critical to maintaining the Debtor's ongoing business and its reorganization efforts. Courts considering similar requests have held that pursuant to Sections 105(a), 363(b), 507(a)(4), and 507(a)(5), pre-petition wage claims may be payable outside of a plan of reorganization by virtue of their necessity, as well as their priority. *See In re The Colad Group, Inc.*, 324 B.R. 208, 214 (Bankr. W.D.N.Y. 2005); *In re CEI Roofing, Inc.*, 315 B.R. 50, 61 (Bankr. N.D. Tex. 2004); *In re CoServ, L.L.C.*, 273 B.R. 487, 494 n.10 (Bankr. N.D. Tex. 2002); *In re Equalnet Comm. Corp.*, 258 B.R. 368, 370 (Bankr. S.D. Tex. 2000).

With respect to payroll taxes in particular, the payment of such taxes will not prejudice other creditors of Debtor's estate as the relevant taxing authorities generally would hold priority claims under Section 507(a)(8) with respect to these obligations. Moreover, the portion of the payroll taxes withheld from Employees' wages on behalf of the applicable taxing authority is held in trust by the Debtor. As

such, these payroll taxes are not property of the estate pursuant to Section 541. *See Beiger v. IRS*, 496 U.S. 53 (1990).

### V. Reservation of Rights

Nothing contained herein is intended or shall be construed as: (i) an admission as to the validity of any claim against the Debtor; (ii) a waiver of the Debtor's or any party in interest's rights to dispute any claim; or (iii) an approval or assumption of any agreement, contract, program, policy or lease under Section 365. Likewise, if this Court grants the relief sought herein, any payment authorized pursuant to the Court's order is not intended and should not be construed as an admission to any claim's validity or a waiver of the Debtor's rights to dispute such claim subsequently.

### VI. Notice

FRBP 6004(h) provides that an "order authorizing the use, sale, or lease of property . . . is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise." In view of the urgency of the relief requested herein and the risk to the Debtor's operations if the Debtor's cannot pay their Employees, a fourteen-day stay of the relief sought herein is impractical. Accordingly, the Debtor's request the Court waive the stay under FRBP 6004(h) and provide in the order granting the relief sought herein that such order shall be effective immediately.

FRBP 6003(b) provides "except to the extent that relief is necessary to avoid immediate and irreparable harm, the court shall not, within 21 days after the filing of the petition, grant relief regarding . . . a motion to use, lease or otherwise incur an obligation regarding property of the estate, including a motion to pay all or part of a claim that arose before filing of the petition . . . ." As described herein and in the Geczi Declaration, if the outstanding Employee Obligations are not immediately satisfied, the Debtor will without a doubt experience immediate and irreparable harm. To ensure the Debtor's successful reorganization and maximize value for its creditors, this Court should find that the exception set forth in Bankruptcy Rule 6003 applies here. Given the emergency nature of the relief requested herein, and the potential disruption to the Debtor's business that will ensue if such relief requested is not granted, the Debtor submits that no further notice need be given prior to granting the relief sought herein.

**VII. Conclusion**

For all the foregoing reasons, the Debtor respectfully requests the Court grant the relief requested herein and enter an order, substantially in the form of order attached hereto as **Exhibit 1**: (A) authorizing, but not requiring, the Debtor, in its sole discretion: (i) to pay Wage Obligations to its Employees; (ii) to pay Garnishments; (iii) to make Employee Benefit Contributions or payments to or for the benefit of its Employees with respect to the Employee Benefit Plans; (iv) to pay all costs incident to Wage Obligations and employee benefit contributions such as payroll-related taxes and processing costs; (v) to reimburse Employees for Reimbursable Business Expenses, all in accordance with the Debtor's stated policies with respect thereto; (B) authorizing all applicable banks and other financial institutions to receive, process, honor and pay any and all checks related to the foregoing, whether presented prior to or after the Petition Date in accordance with the stated policies with regard thereto, provided sufficient funds exist in the Debtor's accounts to cover such payments; and (C) granting the Debtor such additional relief as the Court deems appropriate under the circumstances.

Dated this 31st day of July, 2015.

Respectfully submitted by:

**ANDERSEN LAW FIRM, LTD.**

By:  /s/ Ryan A. Andersen
     Ryan A. Andersen, Esq.
     Nevada Bar No. 12321
     101 Convention Center Drive
     Suite 600
     Las Vegas, Nevada 89109

*Proposed Counsel for Debtor*

# EXHIBIT 1

# EXHIBIT 1

# EXHIBIT 1

**Proposed Order**

**ANDERSEN LAW FIRM, LTD.**
Ryan A. Andersen, Esq.
Nevada Bar No. 12321
101 Convention Center Drive
Suite 600
Las Vegas, Nevada 89109
Email: *randersen@andersenlawlv.com*
Phone: 702-522-1992
Fax:    702-825-2824

*Proposed Counsel for Debtor*

### UNITED STATES BANKRUPTCY COURT

### DISTRICT OF NEVADA

| | |
|---|---|
| In re: | Case No.: 15-14394-led<br>Chapter 11 |
| JERSEY ELECTRIC & SOLAR, | |
| Debtor. | **ORDER: (I) AUTHORIZING DEBTOR TO PAY WAGES, SALARIES, BENEFITS, REIMBURSABLE BUSINESS EXPENSES, AND OTHER EMPLOYEE OBLIGATIONS; AND (II) AUTHORIZING AND DIRECTING FINANCIAL INSTITUTIONS TO HONOR AND PROCESS CHECKS AND TRANSFERS RELATED TO SUCH OBLIGATIONS** |
| | Hearing Date:<br>Hearing Time: |

The Court, having considered the *Motion for Entry of Order: (I) Authorizing Debtor to Pay Wages, Salaries, Benefits, Reimbursable Business Expenses, and Other Employee Obligations; and (II) Authorizing and Directing Financial Institutions to Honor and Process Checks and Transfers Related to such Obligations* ("Motion") at ECF No. ___; having conducted a hearing with respect to the Motion on August ___, 2015, at _____ p.m. Pacific time; with Ryan A. Andersen, Esq. of the Andersen Law Firm appearing on behalf of the Debtor and with other appearances as noted on the record of such hearing; and having stated its findings of fact and conclusions of law on the record at the conclusion of such hearing, pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure, made applicable to this contested matter by Rule 9014 of the Federal Rules of Bankruptcy Procedure, such findings of facts and conclusions of law therefore being incorporated as if set forth herein:[1]

**NOW THEREFORE**, good cause appearing, the Court **ORDERS** as follows:

**IT IS ORDERED** that the Motion is **GRANTED**;

**IT IS FURTHER ORDERED** that the Debtor, in its sole discretion, is hereby authorized, but not required, to pay: (i) Wage Obligations to its Employees; (ii) Garnishments; (iii) to make Employee Benefit Contributions or payments to or for the benefit of its Employees with respect to the Employee Benefit Plans; (iv) to pay all costs incident to Wage Obligations and employee benefit contributions such as payroll-related taxes and processing costs; *provided, however*, that such payments may not exceed the statutory cap of $12,475.00 per Employee;

**IT IS FURTHER ORDERED** that the Debtor, in its sole discretion, is hereby authorized, but not required, to reimburse Employees for Reimbursable Business Expenses incurred prior to the Petition Date, all in accordance with the Debtor's stated policies with respect thereto;

**IT IS FURTHER ORDERED** that the payments authorized by this Order are not exempt from subsequent operation of sections 547, 548, 549 and 550 of the Bankruptcy Code;

**IT IS FURTHER ORDERED** that the Debtor is excepted from the operation of Rule 6003(b), any stay pursuant to Bankruptcy Rule 6004(h) or otherwise is hereby waived, and this Order is effective and enforceable immediately upon its entry; and

---

[1] All capitalized terms used but not defined herein are used as defined in the Motion.

**IT IS FURTHER ORDERED** that this Court retains continuing and exclusive jurisdiction to the maximum possible extent to interpret, implement, and enforce this Order and all matters arising from or related to its implementation.

Respectfully submitted by:

**ANDERSEN LAW FIRM, LTD.**

By: /s/ Ryan A. Andersen
　　　Ryan A. Andersen, Esq.
　　　Nevada Bar No. 12321
　　　101 Convention Center Drive
　　　Suite 600
　　　Las Vegas, Nevada 89109

*Proposed Counsel for Debtor*

## LR 9021 CERTIFICATION

In accordance with LR 9021, counsel submitting this document certifies that the order accurately reflects the court's ruling and that:

☐   The court has waived the requirement set forth in LR 9021(b)(1).

☑   No party appeared at the hearing or filed an objection to the motion.

☐   I have delivered a copy of this proposed order to all counsel who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below:

      Counsel appearing:
      Trustee appearing:
      Debtor(s) appearing:

☐   I certify that this is a case under Chapter 7 or 13, that I have served a copy of this order with the motion pursuant to LR 9014(g), and that no party has objected to the form or content of the order.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this ___ day of August, 2015.

                                                     By:    /s/ Ryan A. Andersen
                                                                Ryan A. Andersen, Esq.
                                                                 Nevada Bar No. 12321
                                                                **ANDERSEN LAW FIRM, LTD.**
                                                                101 Convention Center Drive
                                                                Suite 600
                                                                Las Vegas, Nevada 89109

                                                                *Proposed Counsel for Debtor*

# # #