Electronically Filed: July 31, 2015

**ANDERSEN LAW FIRM, LTD.**
Ryan A. Andersen, Esq.
Nevada Bar No. 12321
101 Convention Center Drive
Suite 600
Las Vegas, Nevada 89109
Email: *randersen@andersenlawlv.com*
Phone: 702-522-1992
Fax:     702-825-2824

*Proposed Counsel for Debtor*

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>JERSEY ELECTRIC & SOLAR,<br><br>Debtor. | Case No.: 15-14394-led<br>Chapter 11<br><br>**MOTION FOR ENTRY OF ORDER DETERMINING THAT ADEQUATE ASSURANCE HAS BEEN PROVIDED TO UTILITY COMPANIES AND ESTABLISHING PROCEDURES FOR DETERMINING REQUESTS OF ADDITIONAL ADEQUATE ASSURANCE**<br><br>Hearing Date: *OST Requested*<br>Hearing Time: *OST Requested* |

Jersey Electric & Solar, a Nevada corporation ("Debtor") the above-captioned debtor and debtor in possession, by and through its proposed counsel, Andersen Law Firm, Ltd. ("Andersen Law Firm"), hereby request entry of an order: (i) determining that the Debtor's utility providers have been provided with adequate assurance of payment pursuant to Section 366; (ii) approving the Debtor's proposed procedures by which the Debtor's utility providers may request additional adequate

assurance; (iii) prohibiting the Debtor's utility providers from altering, refusing, or discontinuing services; (iv) and additional related relief.[1]

This Motion is supported by: the following Memorandum of Points and Authorities; the Omnibus Declaration of Brian N. Geczi in Support of Debtor's Initial Emergency Motions and Related Relief ("Geczi Declaration"), filed contemporaneously herewith; all papers and pleadings filed in the above-captioned case, judicial notice of which is requested pursuant to Rule 201 of the Federal Rules of Evidence; and any arguments of counsel offered in support of the Motion during any hearing held on the Motion.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. Jurisdiction

The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue in the District of Nevada is proper pursuant to 28 U.S.C. § 1409.

This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). If it is determined that the Court cannot enter final orders or judgment in this core proceeding consistent with Article III of the United States Constitution, the Association consents to the entry of final orders or judgment by this Court.

The relief requested herein is premised on Sections 105(a) and 366.

### II. Statement of Facts

The Debtor is a licensed and bonded electrical contracting company providing services to customers throughout the Las Vegas Valley and the surrounding geographic area. The Debtor employs approximately thirty employees and provides service to residential and commercial customers. The Debtor performs work on everything from small, private homes to casinos located on the Las Vegas Strip.

---

[1] When used herein, all references to "ECF No." are to the numbers assigned to the documents filed in the case as they appear on the docket. All references to "Section" are to the provisions of the Bankruptcy Code, 11 U.S.C. §§ 101-1532. All references to "FRBP" are to the Federal Rules of Bankruptcy Procedure. All references to "LR" are to the Local Rules of Bankruptcy Practice for the United States District Court for the District of Nevada.

1. The Debtor filed its voluntary bankruptcy petition for bankruptcy relief on July 31, 2015, thereby initiating the above-captioned bankruptcy case ("Chapter 11 Case"). Pursuant to Sections 1107(a) and 1108, the Debtor is authorized to and is operating business and property as a debtor in possession.

2. Additional information regarding the Debtor, its business operations, its bankruptcy filing, and the specific relief requested in this Motion is contained in the Geczi Declaration.

### III. Relief Requested

3. The debtor incurs utility expenses for water, sewer service, electricity, waste management, and telecommunications services. These utility services are provided by the various utilities (as such term is used in Section 366, collectively, "Utility Providers"). A list of the Utility Providers is attached hereto as **Exhibit 1**.

4. On average, the Debtor expends approximately $4,000.00 on utilities provided by the Utility Providers, depending on the season, with costs increasing during the summer months. As of the Petition Date, the Debtor is current on its utility obligations.

5. The utility services provided by the Utility Providers are essential to the Debtor's business operations and, thus, to its reorganization efforts. The Debtor must have uninterrupted access to the utilities, as any interruption of utility services, even for a brief period of time, would seriously interfere with the Debtor's ability to work on and complete projects on behalf of customers, thereby negatively affecting the Debtor's customer relationships, goodwill, revenues, and profits. Such an interruption would harm the Debtor's reorganization efforts and would negatively impact the Debtor's value, ultimately harming creditor recoveries. It is therefore critical that utility services continue uninterrupted during the Debtor's Chapter 11 Case.

6. The Debtor intends to make all post-petition payments to the Utility Providers in a timely manner. The Debtor expects it will have access to funds sufficient to make these payments from its ongoing business operations, and such funds constitute unencumbered cash. Given its long and positive account history with the Utility Providers, the fact that the Debtor is current with all of its obligations to the Utility Providers, and the relatively small monthly obligations owed to the Utility Providers, the

Debtor asserts there is no need to provide any additional assurance of payment for utility services for future services to the Utility Providers, including those Utility Providers that did not hold deposits from the Debtor as of the Petition Date ("Proposed Adequate Assurance").

Notwithstanding the Proposed Adequate Assurance for the Utility Providers, if the Utility Providers are dissatisfied with the Proposed Adequate Assurance, the Debtor proposes the following procedures ("Procedures") under which such Utility Providers may make additional requests for adequate assurance:

(a) If a Utility Provider is dissatisfied with the Proposed Adequate Assurance, the Utility Provider must serve a detailed written request ("Request") so that it is actually received within fourteen (14) days of the date of the order granting this Motion ("Request Deadline") stating additional protections it believes are necessary and appropriate under the circumstances.

(b) Without further order of the Court, the Debtor may enter into agreements granting additional or different adequate assurance to a Utility Provider that serves a timely Request if the Debtor, in its discretion, determines that the Request is reasonable or if the parties negotiate alternate consensual provisions.

(c) If the Debtor believes that a Request is unreasonable or if no alternative consensual provisions can be agreed to, the Debtor will file a motion pursuant to Section 366(c) (a "Determination Motion") within fourteen (14) days after the Request Deadline. The Determination Motion will seek a determination from the Court that the Utility Deposit account, plus any additional consideration offered by the Debtor, constitutes adequate assurance of payment. Pending notice and a hearing of the Determination Motion, the Utility Provider that is the subject of the Determination Motion may not alter, refuse or discontinue services to the Debtor, or recover or set off against a prepetition deposit.

(d) Any Utility Provider that fails to make a timely Request will be deemed to be satisfied that the Debtor's Proposed Adequate Assurance provides adequate assurance of payment to such Utility Provider within the meaning of Section 366, and will further be deemed to have waived any right to seek additional adequate assurance during the course of this Chapter 11 Case.

The Debtor further requests that the Utility Providers be prohibited from altering, refusing, or discontinuing utility services to the Debtor absent further order of the Court.

## IV. Legal Authority

Section 366 protects a bankruptcy debtor against immediate termination of utility services after commencing its case. Pursuant to Section 366, a utility may not, during the first twenty days of the case, alter, refuse, or discontinue service to a debtor in a Chapter 11 case solely because of unpaid prepetition amounts, but the utility may do so after such time period unless the debtor furnishes "adequate assurance" of payment, in the form of a deposit, or for post-petition services in a form "satisfactory" to the utility. Furthermore, under Section 366(c) in determining whether an assurance of payment is adequate, the Court may not consider (i) the absence of security before the petition date, (ii) the debtor's history of timely payments, or (iii) the availability of an administrative expense priority.

In determining what is adequate, Courts have long recognized that adequate assurance does not constitute an absolute guarantee of payment. *See In re Steinebach*, 303 B.R. 634, 641 (Bankr. D. Ariz. 2004) ("Adequate assurance of payment is not, however, absolute assurance . . . a Bankruptcy Court is not required to give a [Utility Provider] the equivalent of a guarantee of payment, but must only determine that the utility is not subject to any unreasonable risk of non-payment for postpetition services.") (citing *In re Adelphia Bus. Solutions, Inc.*, 280 B.R. 63, 80 (S.D.N.Y. 2002). Courts have recognized that, in analyzing the requisite level of adequate assurance, they should "focus upon the need of the utility for assurance, and to require that the debtor supply no more than that, since the debtor almost perforce has a conflicting need to conserve scarce financial resources." *Va. Elec. & Power Co. v. Caldor, Inc.-NY*, 117 F.3d 646, 650 (2d Cir. 1997) (citing *In re Penn Jersey Com.*, 72 B.R. 981 (Bankr. E.D. Pa. 1987)).

The Debtor seeks to mitigate the Utility Provider's risk of non-payment, while maintaining adequate capital to operate its business during its Chapter 11 Case. Under the circumstances of this case, the Debtor believes the establishment of the Procedures and compliance therewith, relative to the Debtor's estimated monthly utility consumption, which is not considerable, constitutes adequate assurance of payment within the meaning of Section 366(c) of the Bankruptcy Code. The Debtor proposes to protect the Utility Providers further by establishing a reasonable procedure for the Utility

Providers to request additional adequate assurance of payment. Indeed, separate negotiations with each of the Utility Providers would be inefficient and unnecessarily divert the Debtor from other critical tasks related to the operation of its business and restructuring. If the Debtor fails to reach an early agreement with each Utility Provider, it would have to file motions seeking expedited determinations as to adequate assurance or risk service termination.

The proposed Procedures therefore provide the Utility Providers with adequate assurance of payment and ensure continued utility services, while providing a prompt forum for the resolution of any dispute as to such adequate assurance. Section 105(a) of the Bankruptcy Code authorizes the Bankruptcy Court to enter "any order . . . that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Because the proposed Procedures protect both the Debtor and the Utility Providers, they carry out the provisions of Section 366 and therefore are appropriate under Section 105(a).

### V. Reservation of Rights

Nothing contained in this Motion is intended or should be construed as an admission as to the validity of any claim against the Debtor, a waiver of the Debtor's rights to dispute any claim, or an approval or assumption of any agreement, contract, or lease under Section 365. The Debtor expressly reserves its rights to contest any invoice of a Utility Provider under applicable bankruptcy or non-bankruptcy law. Likewise, if this Court grants the relief sought herein, any payment made pursuant to the Court's order is not intended and should not be construed as an admission as to the validity of any claim or a waiver of the Debtor's rights to dispute such claim subsequent to entry of such order.

### VI. Conclusion

For all the foregoing reasons, the Debtor respectfully requests the Court grant the relief requested herein and enter an order, substantially in the form of order attached hereto as **Exhibit 2**: (i) granting the Motion; (ii) determining that the Utility Providers have been provided with adequate assurance of payment pursuant to Section 366; (iii) approving the Procedures by which the Utility Providers may request additional adequate assurance; (iv) prohibiting the Utility Providers from altering, refusing, or discontinuing services; (v) determining that the Debtor is not required to provide

any adequate assurance beyond what is proposed in this Motion; and (vi) granting the Debtor such additional relief as the Court deems appropriate under the circumstances.

Dated this 31st day of July, 2015.

Respectfully submitted by:

**ANDERSEN LAW FIRM, LTD.**

By: /s/ Ryan A. Andersen
Ryan A. Andersen, Esq.
Nevada Bar No. 12321
101 Convention Center Drive
Suite 600
Las Vegas, Nevada 89109

*Proposed Counsel for Debtor*

## **EXHIBIT 1**

## **Account Numbers and Utility Providers**

| Utility Provider | Address | Account Number(s) |
|---|---|---|
| Nevada Energy | P.O. Box 98910, Las Vegas, NV 89154-0001 | xxxxxx3292 |
| Republic Services | P.O. Box 98508, Las Vegas, NV 89193-8508 | xxxxxx8416 |
| Las Vegas Valley Water District | 1001 S. Valley View Blvd., Las Vegas, NV 89153 | xxxxxx2712 |
| Clark County Water Reclamation District | 5857 E. Flamingo Road, Las Vegas, NV 89122 | xxxxxx10000 |
| CenturyLink | 4850 South Fort Apache Road, Las Vegas, NV 89147 | xxxx6026 and xxxxx9306 |

# EXHIBIT 2

# EXHIBIT 2

# EXHIBIT 2

<u>**PROPOSED ORDER**</u>

**ANDERSEN LAW FIRM, LTD.**
Ryan A. Andersen, Esq.
Nevada Bar No. 12321
101 Convention Center Drive
Suite 600
Las Vegas, Nevada 89109
Email: *randersen@andersenlawlv.com*
Phone: 702-522-1992
Fax:    702-825-2824

*Proposed Counsel for Debtor*

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>JERSEY ELECTRIC & SOLAR,<br><br>Debtor. | Case No.: 15-14394-led<br>Chapter 11<br><br>**ORDER DETERMINING THAT ADEQUATE ASSURANCE HAS BEEN PROVIDED TO UTILITY COMPANIES AND ESTABLISHING PROCEDURES FOR DETERMINING REQUESTS OF ADDITIONAL ADEQUATE ASSURANCE**<br><br>Hearing Date:<br>Hearing Time: |

The Court, having considered the *Motion for Entry of Order Determining that Adequate Assurance Has Been Provided to Utility Companies and Establishing Procedures for Determining Requests of Additional Adequate Assurance* ("Motion") at ECF No. ___; having conducted a hearing

with respect to the Motion on August ___, 2015, at _____ p.m. Pacific time; with Ryan A. Andersen, Esq. of the Andersen Law Firm appearing on behalf of the Debtor and with other appearances as noted on the record of such hearing; and having stated its findings of fact and conclusions of law on the record at the conclusion of such hearing, pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure, made applicable to this contested matter by Rule 9014 of the Federal Rules of Bankruptcy Procedure, such findings of facts and conclusions of law therefore being incorporated as if set forth herein:

**NOW THEREFORE**, good cause appearing, the Court **ORDERS** as follows:

**IT IS ORDERED** that the Motion is **GRANTED**;

**IT IS FURTHER ORDERED** that, except in accordance with the procedures set forth below, absent further order of the Court, the Debtor's utilities (as such term is used in section 366 of the Bankruptcy Code, collectively, the "Utility Providers") are prohibited from: (i) altering, refusing, or discontinuing service to, or discriminating against the Debtor solely on the basis of the commencement of its bankruptcy case or on account of any unpaid invoice for services provided before the Petition Date, and (ii) requiring the payment of a deposit or other security in connection with the Utility Providers' continued provision of utility services, including the furnishing of gas, heat, electricity, water, telephone service, or any other utility of like kind, to the Debtor;

**IT IS FURTHER ORDERED** that the following procedures will govern any additional requests for adequate assurance the Utility Providers may decide to make:

(a) If a Utility Provider is dissatisfied with the Proposed Adequate Assurance, the Utility Provider must serve a detailed written request ("Request") so that it is actually received within fourteen (14) days of the date of the order granting this Motion ("Request Deadline") stating additional protections it believes are necessary and appropriate under the circumstances.

(b) Without further order of the Court, the Debtor may enter into agreements granting additional or different adequate assurance to a Utility Provider that serves a timely Request if the Debtor, in its discretion, determines that the Request is reasonable or if the parties negotiate alternate consensual provisions.

(c) If the Debtor believes that a Request is unreasonable or if no alternative consensual provisions can be agreed to, the Debtor will file a motion pursuant to Section 366(c) (a "Determination Motion") within fourteen (14) days after the Request Deadline. The Determination Motion will seek a determination

from the Court that the Utility Deposit account, plus any additional consideration offered by the Debtor, constitutes adequate assurance of payment. Pending notice and a hearing of the Determination Motion, the Utility Provider that is the subject of the Determination Motion may not alter, refuse or discontinue services to the Debtor, or recover or set off against a prepetition deposit;

(d) Any Utility Provider that fails to make a timely Request will be deemed to be satisfied that the Debtor's Proposed Adequate Assurance provides adequate assurance of payment to such Utility Provider within the meaning of Section 366, and will further be deemed to have waived any right to seek additional adequate assurance during the course of this Chapter 11 Case.

**IT IS FURTHER ORDERED** that nothing in this order or the Motion will be deemed to vacate or modify any other restrictions on the termination of service by a Utility Provider as provided by sections 362 and 366 of the Bankruptcy Code or other applicable law, and nothing herein or in the Motion will constitute a post-petition assumption or adoption of any agreement pursuant to section 365 of the Bankruptcy Code nor will anything herein be deemed a waiver by the Debtor or any other party of any right with respect to the assumption or rejection of an executory contract;

**IT IS FURTHER ORDERED** that, notwithstanding the possible applicability of Bankruptcy Rules 6004(h), this Order is effective and enforceable immediately upon its entry; and

**IT IS FURTHER ORDERED** that this Court retains continuing and exclusive jurisdiction to the maximum possible extent to interpret, implement, and enforce this Order and all matters arising from or related to its implementation.

Respectfully submitted by:

**ANDERSEN LAW FIRM, LTD.**

By:  /s/ Ryan A. Andersen
     Ryan A. Andersen, Esq.
     Nevada Bar No. 12321
     101 Convention Center Drive
     Suite 600
     Las Vegas, Nevada 89109

*Proposed Counsel for Debtor*

## LR 9021 CERTIFICATION

In accordance with LR 9021, counsel submitting this document certifies that the order accurately reflects the court's ruling and that:

☐ The court has waived the requirement set forth in LR 9021(b)(1).

☑ No party appeared at the hearing or filed an objection to the motion.

☐ I have delivered a copy of this proposed order to all counsel who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below:

    Counsel appearing:
    Trustee appearing:
    Debtor(s) appearing:

☐ I certify that this is a case under Chapter 7 or 13, that I have served a copy of this order with the motion pursuant to LR 9014(g), and that no party has objected to the form or content of the order.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this ___ day of August, 2015.

                        By:    /s/ Ryan A. Andersen
                               Ryan A. Andersen, Esq.
                               Nevada Bar No. 12321
                               **ANDERSEN LAW FIRM, LTD.**
                               101 Convention Center Drive
                               Suite 600
                               Las Vegas, Nevada 89109

                               *Proposed Counsel for Debtor*

# # #