**ANDERSEN LAW FIRM, LTD.**
Ryan A. Andersen, Esq.
Nevada Bar No. 12321
101 Convention Center Drive
Suite 600
Las Vegas, Nevada 89109
Email: *randersen@andersenlawlv.com*
Phone: 702-522-1992
Fax:    702-825-2824

*Proposed Counsel for Debtor*

**Electronically Filed: July 31, 2015**

### UNITED STATES BANKRUPTCY COURT

### DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>JERSEY ELECTRIC & SOLAR,<br><br>        Debtor. | Case No.: 15-14394-led<br>Chapter 11<br><br>**MOTION FOR ENTRY OF ORDER AUTHORIZING MAINTENANCE OF EXISTING BANK ACCOUNTS AND RELATED RELIEF**<br><br>Hearing Date:  *OST Requested*<br>Hearing Time:  *OST Requested* |

Jersey Electric & Solar, a Nevada corporation ("Debtor"), the above-captioned debtor and debtor in possession, by and through its proposed counsel, Andersen Law Firm, Ltd. ("Andersen Law Firm"), hereby request entry of an order granting Debtor: (i) authority to continue to operate its cash management system; (ii) authority to honor certain prepetition obligations related to the Cash Management System; (iii) authority to maintain existing business forms; and (iv) a waiver of compliance with Section 345.[1]

---

[1] When used herein, all references to "ECF No." are to the numbers assigned to the documents filed in the case as they appear on the docket.  All references to "Section" are to the provisions of the Bankruptcy Code, 11 U.S.C. §§ 101-1532.  All references to "FRBP" are to the Federal Rules of Bankruptcy Procedure.  All references to "LR" are to the Local Rules of Bankruptcy Practice for the United States District Court for the District of Nevada.

1   This Motion is supported by: the following Memorandum of Points and Authorities; the

2   Omnibus Declaration of Brian N. Geczi in Support of Debtor's Initial Emergency Motions and Related

3   Relief ("Geczi Declaration"), filed contemporaneously herewith; all papers and pleadings filed in the

4   above-captioned case, judicial notice of which is requested pursuant to Rule 201 of the Federal Rules

5   of Evidence; and any arguments of counsel offered in support of the Motion during any hearing held

6   on the Motion.

7                              **MEMORANDUM OF POINTS AND AUTHORITIES**

8                                          **I. Jurisdiction**

9        The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334.  Venue in

10  the District of Nevada is proper pursuant to 28 U.S.C. § 1409.

11       This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).  If it is determined

12  that the Court cannot enter final orders or judgment in this core proceeding consistent with Article III

13  of the United States Constitution, the Association consents to the entry of final orders or judgment by

14  this Court.

15       The relief requested herein is premised on Sections 105(a), 345(b), 363(b), 363(c)(1) and

16  364(a); FRBP 6003 and 6004; and LR 4001(e).

17                                    **II. Statement of Facts**

18       The Debtor is a licensed and bonded electrical contracting company providing services to

19  customers throughout the Las Vegas Valley and the surrounding geographic area.  The Debtor employs

20  approximately thirty employees and provides service to residential and commercial customers.  The

21  Debtor performs work on everything from small, private homes to casinos located on the Las Vegas

22  Strip.

23       The Debtor filed its voluntary bankruptcy petition for bankruptcy relief on July 31, 2015,

24  thereby initiating the above-captioned bankruptcy case ("Chapter 11 Case").  Pursuant to Sections

25  1107(a) and 1108, the Debtor is authorized to and is operating business and property as a debtor in

26  possession.

27

Additional information regarding the Debtor, its business operations, its bankruptcy filing, and the specific relief requested in this Motion is contained in the Geczi Declaration.

### III. Relief Requested

To manage its business in an efficient manner, the Debtor utilizes a centralized cash management system ("Cash Management System") to collect and transfer funds generated by its operations and disburse those funds to satisfy the ongoing obligations incurred in operating its business. The Cash Management System also facilitates the Debtor's cash monitoring, forecasting, and reporting. The Debtor proposes to continue to utilize the Cash Management System to administer its bank accounts at the banks indicated herein.

*A. The Cash Management System*

In the ordinary course of business prior to filing the Case, the Debtor used the Cash Management System, which is similar to those utilized by other, similar companies, to collect, transfer, and distribute funds generated by the Debtor's business operations and in an efficient and secure manner.  In the ordinary course of its business operations, the Debtor was able to utilize the Cash Management System to accurate record such collections, transfers, and distributions as they were made.

Currently, the Debtor has bank accounts with two different banks: Wells Fargo and Bank of Nevada.  Prior to and through the Petition Date, most of the Debtor's banking activity was conducted through the Wells Fargo accounts.  All of the banks (collectively, "Banks") and all the associated bank accounts (collectively, "Bank Accounts") are as follows:

| Bank | Type/Description | Account No. |
|------|------------------|-------------|
| Wells Fargo Bank, N.A. | Merchant & Other Deposits | 1272 |
| Wells Fargo Bank, N.A. | Master Operating Account | 9587 |
| Wells Fargo Bank, N.A. | Wells Fargo Savings | 3291 |
| Wells Fargo Bank, N.A. | Wells Fargo Savings | 2737 |
| Wells Fargo Bank, N.A. | Secondary Operating Account | 7430 |
| Bank of Nevada | Secondary Merchant Account | 6354 |

Certain of the Debtor's customers use credit cards to make payments for services performed. Therefore, the Debtor has a merchant account through which payments made through credit card companies are processed.  The Debtor is advised that it would take a substantial amount of time to

ANDERSEN
— L A W   F I R M —
LTD

1   obtain a new merchant account, resulting in the Debtor being unable to accept payment from customer

2   wishing to pay via credit card.  If the Debtor is not permitted to continue to use the merchant account

3   as debtor-in-possession, it would no longer be able to offer its customers the option of paying via credit

4   card during the interim time period until a new merchant account could be obtained.  This absence of

5   credit card services even for a short period of time would have a materially adverse effect on the

6   Debtor's business.

7        As of the Petition Date, customer drafts relating to such credit cards were in various stages of

8   collection. To obviate the disruption that might otherwise occur in the collection process, it is in the

9   best interest of the estate for the Debtor to be authorized to continue to its ordinary course credit card

10  transactions, rather than to close this account and then open a new account.

11        *B. Proposed Post-Petition Cash Management System and the Need to Continue the Same*

12       Given the complexity of the exiting Cash Management System and the confusion, inefficiency,

13  and wasted manpower that would be caused by significant changes to the Cash Management System,

14  the Debtor has determined it is best to continue its current cash management practices to a large extent.

15       The Debtor's Cash Management System constitutes ordinary course, essential business

16  practices providing significant benefits to the Debtor including, the ability to (i) control corporate

17  funds, (ii) ensure the availability of funds when necessary, and (iii) reduce costs and administrative

18  expenses by facilitating the movement of funds and the development of more timely and accurate

19  account balance information.  Any disruption to the Cash Management System could have a severe and

20  adverse impact upon the Debtor's bankruptcy reorganization.

21       The Debtor will maintain its books and records relating to the Cash Management System in the

22  same manner such books and records were maintained before the Petition Date.  In this way, all

23  transfers and transactions will be properly documented, and accurate account balances will be

24  maintained. As a result, the Debtor will be able to accurately document and record the transactions

25  occurring within the Cash Management System for the benefit of all parties in interest.

26       Based on the foregoing, the Debtor submits that continuation of the existing Cash Management

27  System is in the best interest of its bankruptcy estate and all parties in interest.  As a result, the Debtor

1  seeks authority to maintain and use its current Cash Management System during the pendency of its

2  Chapter 11 Case.

3  　　　　Section 363(c)(l) allows a debtor in possession to "use property of the estate in the ordinary

4  course of business without notice or a hearing." 11 U.S.C. § 363(c)(l).  The purpose of Section 363(c)(l)

5  is to allow a debtor in possession to conduct the ordinary course transactions that are necessary to

6  continue business operations without unnecessary levels of oversight by creditors or the court.  *See*

7  *Med. Malpractice Ins. Ass'n v. Hirsch (In re Lavigne)*, 114 F.3d 379, 384 (2d Cir. 1997); *Chaney v.*

8  *Official Comm. of Unsecured Creditors of Crystal Apparel, Inc. (In re Crystal Apparel, Inc.)*, 207 B.R.

9  406, 409 (S.D.N.Y. 1997). Included within the purview of section 363(c) is a debtor's ability to

10  continue the "routine transactions" necessitated by a debtors' cash management system. See *Amdura*

11  *Nat'l Distrib. Co. v. Amdura Corp. (In re Amdura Corp.)*, 75 F.3d 1447, 1453 (10th Cir. 1996).

12  Therefore, the Debtor requests authority under section 363(c)(l) of the Bankruptcy Code to continue

13  the collection, concentration, and disbursement of cash pursuant to the Cash Management System

14  described above.

15  　　　　Furthermore, Section 363(b) states that "[t]he trustee, after notice and a hearing, may use, sell,

16  or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(l).

17  "Where the debtor articulates a reasonable basis for its business decisions (as distinct from a decision

18  made arbitrarily or capriciously), courts will generally not entertain objections to the debtor's conduct."

19  *Comm. of Asbestos-Related Litigants v. Johns-Manville Com. (In re Johns-Manville Corp.)*, 60 B.R.

20  612, 616 (Bankr. S.D.N.Y. 1986).  When a valid business justification exists, the law vests the debtor's

21  decision to use property out of the ordinary course of business with a strong presumption that '"in

22  making a business decision the directors of a corporation acted on an informed basis, in good faith and

23  in the honest belief that the action taken was in the best interests of the company."'  *Official Comm. of*

24  *Subordinated Bondholders v. Integrated Res., Inc. (In re Integrated Res., Inc.)*, 147 B.R. 650, 656

25  (S.D.N.Y. 1992) (quoting *Smith v. Van Gorkom*, 488 A.2d 858, 872 (Del. 1985)).

26  　　　　The Bankruptcy Code also provides a debtor in possession the freedom to obtain unsecured

27  credit and incur unsecured debt in the ordinary course of business without notice and hearing.

ANDERSEN
— L A W   F I R M —
— LTD —

1  11 U.S.C. § 364(a); *see, e.g.*, *In re Amdura Corp.*, 75 F.3d at 1453; *LNC Inv., Inc. v. 11 First Fidelity*

2  *Bank*, 247 B.R. 38, 45 (S.D.N.Y. 2000). Thus, the Debtor seeks authority, only to the extent necessary

3  for the ordinary operation of their Cash Management System, to obtain unsecured credit and incur

4  unsecured debt.

5       The Court possesses the equitable power to grant the relief requested herein. Section 105(a)

6  authorizes the Court to "issue any order, process, or judgment that is necessary to carry out the

7  provisions of this title." 11 U.S.C. § 105(a). Continuing the Cash Management System is vital to the

8  efficient and economic administration of the Chapter 11 Case, and, therefore, it is within the Court's

9  equitable power under Section 105(a) to approve the continued use of the Cash Management System,

10 as modified herein.

11      These procedures are similar to those employed by comparable corporate enterprises with

12 similar business operations. Further, the relief requested herein is routinely granted in other chapter

13 11 cases. Similarly, the relief requested through the Motion is appropriate in this Chapter 11 Case.

14            *C. Prepetition Obligations Related to the Cash Management System*

15      In connection with their use of the Cash Management System, the Debtor incurs periodic

16 service charges and other fees to its financial institutions for the maintenance of the Cash Management

17 System ("Service Charges"). The Debtor is unaware of any unpaid prepetition Service Charges as of

18 the Petition Date. Out of abundance of caution, the Debtor does request authority to pay any prepetition

19 Service Charges that remain unpaid as of the Petition Date. Payment of the prepetition Services

20 Charges is in the best interests of the Debtor, its bankruptcy estate, and all parties in interest, as payment

21 of the Service Charges will prevent disruption to the Cash Management System. Because the Banks

22 have setoff rights with respect to the Service Charges, payment of any prepetition Service Charges

23 would not affect unsecured creditors.

24      Through the Motion and pursuant to Sections 105(a) and 363(b) and FRBP 6003 and 6004, the

25 Debtor seeks authorization to pay, at the Debtor's sole discretion, any prepetition Service Charges.

26 Based on the foregoing, FRBP 6003 is satisfied. Additionally, the Debtor seeks waiver of: (i) the notice

27 requirements FRBP 6004(a); and (ii) the stay on effectiveness provided for by FRBP 6004(h).

ANDERSEN
— L A W   F I R M —
— LTD —

*D. Section 345(b) Analysis*

Section 345 governs a debtor's cash deposits during a chapter 11 case and authorizes deposits of money as "will yield the maximum reasonable net return on such money, taking into account the safety of such deposit or investment." 11 U.S.C. § 345(a).  For deposits that are not "insured or guaranteed by the United States or by a department, agency, or instrumentality of the United States or backed by the full faith and credit of the United States,"  Section 345(b) requires the estate to obtain from the entity with which the money is deposited a bond in favor of the United States and secured by the undertaking of an adequate corporate surety, unless the Court for cause orders otherwise.

The Debtor's Bank Accounts are maintained with financial institutions that have been approved by the U.S. Trustee as authorized bank depositories in this District.  Further, it is possible that, at times, the Bank Accounts contain funds in excess of the amounts insured by the Federal Deposit Insurance Corporation ("FDIC").  To the extent funds in the Bank Accounts at various times may exceed the insurance provided by the FDIC, the Debtor submits such amounts will remain secure.  Notably, the Banks are all highly rated and secure Banks with a federal or state charter and are subject to supervision and regulation by state and federal banking regulators.  Furthermore, the Debtor will retain the right to remove funds held at the Banks.

If it becomes necessary for the Debtor to modify the Cash Management System, the Debtor requests authority to make such modifications to the Cash Management System as it deems appropriate under the circumstances.  The Debtor anticipates that potential modifications to the Cash Management System may include, without limitation, the opening of new bank or investment accounts. The Debtor requests the Court authorize and direct financial institutions to honor the Debtor's request to open or close, as the case may be, the Bank Accounts or additional bank or investment accounts as may be necessary in connection with the foregoing.

*E. Maintenance of the Debtor's Existing Bank Accounts and Business Forms*

As part of the Cash Management System, the Debtor maintains several Bank Accounts. The Debtor routinely deposits and withdraws funds from the Bank Accounts by checks, wire transfers, and automated clearinghouse transfers.  With respect to the Debtor's standard business operations, rigid

adherence to the U.S. Trustee's "Operating Guidelines and Reporting Requirements For Debtors in Possession and Trustees" (the "Guidelines") would require, as of the Petition Date, the closure of Debtor's prepetition bank accounts, the opening of new accounts, and the immediate printing of new checks with a "Debtor in Possession" designation on them.  The Debtor asserts that its transition in its Chapter 11 Case will be more efficient, less costly, and more orderly, and disruption and harm to its Cash Management System will be minimized, if the Bank Accounts are continued following the commencement of this case with the same account numbers; provided, however, that checks issued or dated prior to the Petition Date will not be honored absent a prior order of the Court.

Unless otherwise ordered by this Court, no Bank shall honor or pay any check issued on account of a prepetition claim. The Banks may honor any checks issued on account of the prepetition claims only where this Court has specifically authorized such checks to be honored. Furthermore, notwithstanding anything to the contrary in any other emergency and interim order or other order of this Court, the Debtor request the Banks be authorized to accept and honor all representations from the Debtor as to which checks should be honored or dishonored consistent with any order(s) of this Court, whether or not the checks are dated prior to, on, or subsequent to the Petition Date.  The Banks shall not be liable to any party for following Debtor's instructions or representations regarding which checks should be honored or for implementing the transfer of funds between its Bank Accounts.

By preserving business continuity and avoiding disruption and delay with respect to the Debtor's disbursement obligations that would necessarily result from closing the Bank Accounts and opening new accounts, all parties in interest, including employees, vendors, and customers, will be best-served.  The confusion that would otherwise result, absent the relief requested herein, would be a significant detriment to the Debtor's reorganization efforts.

Accordingly, the Debtor respectfully requests authority to maintain the Bank Accounts in the ordinary course of business, to continue utilizing the Cash Management System to manage cash in a manner consistent with prepetition practices, and to pay any ordinary course bank fees that may be incurred in connection with the Bank Accounts or any other new bank account that may be opened

1    pursuant to an order of this Court following the Petition Date.  Without the requested relief, the

2    confusion and delay that would result would harm the Debtor's bankruptcy reorganization.

3            To minimize avoidable business expenses, the Debtor further requests it be allowed to continue

4    to use its correspondence and business forms, including, but not limited to, purchase orders, multi-copy

5    checks, letterhead, envelopes, promotional materials, and other business forms (collectively, "Business

6    Forms"), substantially in the forms existing immediately before the Petition Date, without reference to

7    their status as a debtor in possession.  The Debtor further requests it be allowed to continue using its

8    check stock to make authorized payroll and vendor payments, provided that the Debtor will commence

9    marking a "Debtor in Possession" designation and the case number for the Chapter 11 Case on its

10   existing check stock and wire transfer instructions, in lieu of purchasing new check stock.

11           If the Debtor is not allowed to maintain and utilize its current Bank Accounts and its existing

12   Business Forms, including check stock, the Debtor will suffer harm that will include significant: (i)

13   disruption to the Debtor's ordinary financial affairs and business operations; (ii) delay and needless

14   complication in the administration of Debtor's estate; and (iii) significant cost to the Debtor's

15   bankruptcy estate to set up new systems, open new accounts, print new business forms, and print new

16   checks.

17                                   **IV. Conclusion**

18           For all the foregoing reasons, the Debtor respectfully requests the Court grant the relief

19   requested herein and enter an order, substantially in the form of order attached hereto as **Exhibit 1**: (i)

20   granting the Motion; (ii) granting the Debtor authority to continue to operate its cash management

21   system; (iii) granting the Debtor authority to honor certain prepetition obligations related to the Cash

22   //

23   //

24   //

25   //

26   //

27   //

Management System; (iv) granting the Debtor authority to maintain existing business forms; and (v)

granting the Debtor a waiver of compliance with Section 345; and granting the Debtor such additional

relief as the Court deems appropriate under the circumstances.

Dated this 31st day of July, 2015.

Respectfully submitted by:

**ANDERSEN LAW FIRM, LTD.**

By:    /s/ Ryan A. Andersen
       Ryan A. Andersen, Esq.
       Nevada Bar No. 12321
       101 Convention Center Drive
       Suite 600
       Las Vegas, Nevada 89109

*Proposed Counsel for Debtor*

# EXHIBIT 1

# EXHIBIT 1

# EXHIBIT 1

**PROPOSED ORDER**

**ANDERSEN LAW FIRM, LTD.**
Ryan A. Andersen, Esq.
Nevada Bar No. 12321
101 Convention Center Drive
Suite 600
Las Vegas, Nevada 89109
Email: *randersen@andersenlawlv.com*
Phone: 702-522-1992
Fax:    702-825-2824

*Proposed Counsel for Debtor*

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>JERSEY ELECTRIC & SOLAR,<br><br>　　　　　Debtor. | Case No.: 15-14394-led<br>Chapter 11<br><br>**ORDER AUTHORIZING<br>MAINTENANCE OF EXISTING BANK<br>ACCOUNTS AND RELATED RELIEF**<br><br>Hearing Date:<br>Hearing Time: |

The Court, having considered the *Motion for Entry of Order Authorizing Maintenance of Existing Bank Accounts and Related Relief* ("Motion") at ECF No. ___; having conducted a hearing with respect to the Motion on August ___, 2015, at _____ p.m. Pacific time; with Ryan A. Andersen, Esq. of the Andersen Law Firm appearing on behalf of the Debtor and with other appearances as noted on the record of such hearing; and having stated its findings of fact and conclusions of law on the record

1  at the conclusion of such hearing, pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure,

2  made applicable to this contested matter by Rule 9014 of the Federal Rules of Bankruptcy Procedure,

3  such findings of facts and conclusions of law therefore being incorporated as if set forth herein:[1]

4      **NOW THEREFORE**, good cause appearing, the Court **ORDERS** as follows:

5      **IT IS ORDERED** that the Motion is **GRANTED**;

6      **IT IS FURTHER ORDERED** that, Debtor is authorized to: (i) maintains its Cash Management

7  System and continue to use all of its Bank Accounts for all purposes as debtor in possession accounts;

8  (ii) use, in their present form, existing checks and other documents related to the Bank Accounts; (iii)

9  pay post-petition ordinary course bank fees in connection with the Bank Accounts; (iv) perform their

10  obligations under the documents and agreements governing the Bank Accounts; and (v) use their

11  existing Business Forms, subject to the conditions set forth in the Motion;

12      **IT IS FURTHER ORDERED** that all Banks at which the Debtor maintain Bank Accounts are

13  authorized and directed to: (i) continue to administer, service, and maintain the Bank Accounts as such

14  accounts were administered, serviced, and maintained prior to the Petition Date, without interruption

15  and in the usual and ordinary course; and (ii) to pay any and all checks, drafts, wires, automated

16  clearinghouse transfers, electronic fund transfers, or other items presented, issued, or drawn on the

17  Bank Accounts (collectively, "Debits") on account of a claim arising on or after the Petition Date, so

18  long as there are sufficient collected funds in the relevant Bank Accounts and in accordance with

19  merchant service agreements, if applicable;

20      **IT IS FURTHER ORDERED** that, except as otherwise permitted by an order of the Court, no

21  Debits issued on the Bank Accounts prior to, but presented after, the commencement of Debtor's

22  Chapter 11 Case may be honored or paid, provided that Debtors issue a stop payment order in

23  accordance with the terms of the documents and agreements governing such Bank Accounts;

24      **IT IS FURTHER ORDERED** that the Debtor must promptly furnish to the Banks a list of

25  those Debits drawn or issued in payment of prepetition claims, the payment of which has been

26  authorized by any order of the Court, and that the Debtor issue stop payment orders for any prepetition

27

_____

[1] All capitalized terms used but not defined herein are used as defined in the Motion.

ANDERSEN
— L A W  F I R M —
— LTD —

1   Debits that it desires to be dishonored.  The Banks are authorized and directed to rely on the

2   representations of the Debtor as to which Debits are authorized to be honored and dishonored, whether

3   or not such Debits are dated prior to, on, or subsequent to the Petition Date, and whether or not the

4   Banks believe the payment is authorized by an order of the Court.  To the extent that the Debtor directs

5   that any Debit be dishonored, the Debtor may issue replacement Debits consistent with the orders of

6   this Court;

7       **IT IS FURTHER ORDERED** that the Banks are authorized and directed to debit the Debtor's

8   Bank Accounts in the ordinary course of business for all Debits presented for payment or exchanged

9   for cashier's checks prior to the commencement of these Chapter 11 Cases;

10      **IT IS FURTHER ORDERED** that the Debtor will reimburse the Banks for any claim arising

11  prior to or after the Petition Date in connection with Debits deposited with the Banks that have been

12  dishonored or returned for insufficient funds in the applicable accounts;

13      **IT IS FURTHER ORDERED** that each Bank that maintains one or more Bank Accounts shall

14  implement reasonable handling procedures to effectuate the terms of this Order. No Bank that

15  implements such handling procedures will be liable to the Debtor or their estates, or otherwise held in

16  violation of this Order for honoring a prepetition Debit or other Debit: (i) at the direction of the Debtor

17  that such prepetition Debit or other Debit be honored; (ii) in the good faith belief that the Court has

18  authorized that such prepetition Debit or other Debit be honored; or (iii) as a result of an innocent

19  mistake made despite implementation of such handling procedures;

20      **IT IS FURTHER ORDERED** that the relief, rights, and responsibilities requested herein are

21  deemed to apply to any and all Bank Accounts maintained in the Debtor's name;

22      **IT IS FURTHER ORDERED** that, to the extent any other order is entered directing a Bank

23  to honor Debits made, drawn, or issued in payment of prepetition claims, the obligation to honor such

24  items are subject to this Order;

25      **IT IS FURTHER ORDERED** that the Debtor and the Banks are authorized and directed to

26  continue to perform pursuant to the terms of any prepetition documents and agreements governing the

27  Bank Accounts, except and to the extent otherwise directed by the terms of the Order.  Further, the

1  Banks are authorized to continue offsetting any funds deposited in the Bank Accounts by the Debtor to
2  the extent necessary to cover any fees, charges, and assessments (other than attorneys' fees), set forth
3  or provided for in the agreements governing the Bank Accounts or as otherwise permitted in the
4  ordinary course of business pursuant to the agreements governing the Bank Accounts;

5      **IT IS FURTHER ORDERED** that the Debtor and the Banks are authorized and directed to
6  perform their obligations pursuant to the terms of the documents governing any corporate credit card
7  program and processing or servicing agreements between the Debtor and the Banks. The Debtor is
8  authorized to do and perform all acts, to make, execute, and deliver all instruments and documents, and
9  to pay fees, charges, and expenses which may be required or necessary for the Debtor's performance
10 under any corporate credit card program and processing or servicing agreement;

11     **IT IS FURTHER ORDERED** that nothing in this Order prevents the Debtor from closing any
12 of the Bank Accounts as they deem necessary and appropriate;

13     **IT IS FURTHER ORDERED** that this Order is effective and enforceable immediately upon
14 its entry; and

15     **IT IS FURTHER ORDERED** that this Court retains continuing and exclusive jurisdiction to
16 the maximum possible extent to interpret, implement, and enforce this Order and all matters arising
17 from or related to its implementation.

18 Respectfully submitted by:

19 **ANDERSEN LAW FIRM, LTD.**

20 By:  /s/ Ryan A. Andersen
21      Ryan A. Andersen, Esq.
        Nevada Bar No. 12321
22      101 Convention Center Drive
        Suite 600
23      Las Vegas, Nevada 89109

24 *Proposed Counsel for Debtor*

25

26

27

## LR 9021 CERTIFICATION

In accordance with LR 9021, counsel submitting this document certifies that the order accurately reflects the court's ruling and that:

☐    The court has waived the requirement set forth in LR 9021(b)(1).

☑    No party appeared at the hearing or filed an objection to the motion.

☐    I have delivered a copy of this proposed order to all counsel who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below:

        Counsel appearing:
        Trustee appearing:
        Debtor(s) appearing:

☐    I certify that this is a case under Chapter 7 or 13, that I have served a copy of this order with the motion pursuant to LR 9014(g), and that no party has objected to the form or content of the order.

<u>I declare under penalty of perjury that the foregoing is true and correct.</u>

Executed this ___ day of August, 2015.

                        By:   <u>/s/ Ryan A. Andersen</u>
                             Ryan A. Andersen, Esq.
                             Nevada Bar No. 12321
                             **ANDERSEN LAW FIRM, LTD.**
                             101 Convention Center Drive
                             Suite 600
                             Las Vegas, Nevada 89109

                             *Proposed Counsel for Debtor*

                        # # #